# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SOMALIA ODELLAS | ) | |
| a/k/a exotic dancer "Nahla" | ) | |
| 4400 ISLAND PLACE | ) | |
| ANNANDALE, VA 22003 | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: |
| v. | ) | |
| | ) | |
| THE STADIUM GROUP, LLC | ) | |
| 2127 QUEENS CHAPEL ROAD, NE | ) | |
| WASHINGTON, DC 20018 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES TRU REDDING | ) | |
| 2127 QUEENS CHAPEL ROAD, NE | ) | |
| WASHINGTON, DC 20018 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KEITH FORNEY | ) | |
| 2127 QUEENS CHAPEL ROAD, NE | ) | |
| WASHINGTON, DC 20018 | ) | |
| Defendants. | ) | |

---

## **COMPLAINT**

Plaintiff Somalia Odellas a/k/a exotic dancer "Nahla" ("Plaintiff"), by and through undersigned counsel, hereby submits her Complaint against Defendants, The Stadium Group, LLC, James Tru Redding and Keith Forney, ("Defendants") to recover unpaid wages and

1

statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

§§ 201 *et seq.* ("FLSA"), and for unpaid wages, interest, reasonable attorney's fees, and costs

under the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.*

(hereinafter, "DCMWA").

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of Virginia.  At all times relevant, Plaintiff performed work

duties as an exotic dancer at Defendant's Stadium Club exotic dance club in Washington, D.C.

 2.      The Stadium Group, LLC is a limited liability company formed under the laws of the

District of Columbia with its principal place of business located in Washington, D.C.

3.      At all times, Defendant Stadium Group, LLC has done business as The Stadium Club,

advertising itself to the public as an exotic dance club featuring nude and semi-nude exotic

dancers.  Defendants James Tru Redding and Keith Forney are the Owners and Managers of

The Stadium Group, LLC that set and enforced the rules relating to Plaintiff. At all times

during Plaintiff's employment with the The Stadium Group, LLC, Defendants Redding, and

Forney were Owners/Managers of Stadium Group, LLC, Defendant's were responsible for

setting the rules that Plaintiff was required to follow and determined Plaintiff's rate and

method of pay.  At all times Defendants had the power to hire and fire, control work schedules

and supervise employees, determine pay rates, and maintain employment records. Defendants

Redding and Fornay have acted directly or indirectly in the interest of the Employer in relation

to employees at Stadium Club. Defendant Keith Fornay and Defendant Tru Redding had

operational control over The Stadium Group, LLC and were involved in the day to day

operation of the Stadium Club. The Defendants Redding and Forney have some direct

responsibility of the supervision of employees at the Stadium Club. At all times relevant,

Defendants were Plaintiff's "employers" for purposes of the FLSA and DCMWA.

4.      At all times, Defendants were engaged in commerce or in production of goods for commerce within the meaning of §3(s)(1) of the FLSA (29U.S.C. §203 (s)(1)). At all times during the time that the Plaintiff's worked at the Defendants establishment, Defendants' sold alcohol, sodas, red bull energy drinks, bottled waters, and food to customers (which were purchased and bottled outside of DC). At all times during the time that the Plaintiff worked at the Defendants' establishment Defendants encouraged the Plaintiff and other dancers to let the customers know that the Defendants sold food and alcoholic and non-alcoholic beverages.  So the Defendants and the Plaintiff were engaged in the handling and sale of commerce. At all times during the time that the Plaintiff worked at the Defendants' establishment, Defendants' advertised to customers, including on the internet, who lived in the District of Columbia, Virginia, and Delaware and West Virginia to come to the club in Maryland. At all times during the time that the Plaintiff worked at the Defendants' establishment, Defendants' hired dancers who lived in Maryland, Virginia, Delaware and West Virginia. At all times relevant, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).  At all times relevant, Plaintiff was an individual employee engaged in commerce or the sale or production of goods for commerce as required by 29 U.S.C. §§ 206-207.

5.      At all times, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C.§§ 206-207.

6.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C§ 216(b), and 28 U.S.C § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction was invoked under 28 U.S.C § 1331 (Federal Question) Venue in this Court is proper pursuant to 28 U.S.C § 1391.

**FACT**

7.      Plaintiff was employed as an exotic dancer from about November 1, 2011 and February

29, 2012.

8.      During the period of Plaintiff's employment, Plaintiff regularly and customarily worked about three (3) or more nights per week calculating to approximately twenty-four (24) or more hours per week.

9.      At all times during the period of Plaintiff's employment, Defendants had knowledge that Plaintiff typically worked about twenty-four (24) or more hours per week and suffered or permitted Plaintiff to work about twenty-four (24) or more hours per week.

10.      At all times throughout Plaintiff's employment with Defendants, Defendants totally failed to pay Plaintiff any wages for work duties performed.

11.      At all times throughout Plaintiff employment with Defendants, Plaintiff was an employee of Defendants and was never an independent contractor.

12.      While it is true that Defendants titled or classified Plaintiff as an independent contractor, at all times while working for Defendants, Plaintiff considered herself an employee of Defendants and that Defendants were Plaintiff's employers.

13.      At all times Plaintiff was employed by Defendants, Defendants controlled all aspects of Plaintiff's job duties through strictly enforced employment rules.

14.      Defendants hired Plaintiff, at all times, had the ability to discipline Plaintiff, fine Plaintiff, fire Plaintiff, and adjust Plaintiff's schedule.

15.      Defendants at all times, supervised Plaintiff's work duties to make sure Plaintiff's job performance was of sufficient quality.

16.      At all times while Plaintiff was employed by Defendants, Plaintiff's pay and opportunity for wages was limited to Plaintiff's pay method set exclusively by Defendants.

17.      Defendants controlled all aspects of setting and enforcing Plaintiff's work schedule.

18.     Plaintiff was never able to make more money or enjoyed more financial benefits if Defendants were operating successfully and realizing increased or additional profits.

19.      At no time did Plaintiff make a financial investment in Defendant or any equipment belonging to Defendants.

20.      To perform the work duties that Plaintiff performed for Defendants, Plaintiff did not have or need any required certificate, education, or specialized training. Dancers were hired based on if they were well-spoken.

21.     Defendants only hire women as dancers.

22.     At all times while Plaintiff was employed by Defendants, Defendants were in the business of operating a night club featuring exotic dancers and at all times it was Plaintiff's job duty for Defendants were directly related to exotic dancing performances for Defendants' customers.

23.      Plaintiff did not perform work that is exempt from the minimum wage or overtime requirement of the FLSA or DCMVA.

24.     As of March 2013 the Stadium Group, LLC was sued under FLSA and DCMVA for failure to pay minimum wage, failure to pay overtime and illegally taking Plaintiff's tips, and illegally fining Plaintiff. So the Defendants knew in March 2013 that their actions were in violation of FLSA and DCMVA but willfully, intentionally, and maliciously continued their illegal practices until this very day.

**FEES, FINES, AND CHARGES**

25.      In addition to failing to pay Plaintiff's wages for hours worked, Defendants enforced a series of fees and fines requiring Plaintiff to actually pay Defendants a significant portion of the money Plaintiff received as tips from customers.

5

26.     On a typical shift, Plaintiff actually paid Defendants, through fines, fees, and charges, approximately dollars ($250.00) or more.

27.     The fines and fees paid by Plaintiff to Defendants included, but were not limited to:

a)  A mandatory "tip-in" by Plaintiff to Defendants, per shift ranging from $33.00- $100.00 (or more if Defendant was hosting a special event);

b)  A mandatory "tip-out" by Plaintiff to Defendants' disc jockeys, House Mom, and security ranging from $50.00-$60.00;

c)  A mandatory tip sharing of Plaintiff's on-stage and table dance tips to Defendants' "floor-man," ranging from $10.00-$20.00 per table dance or stage appearance;

d)  A mandatory fine for calling out of work for sickness or other personal reasons ranging from $30.00 with a doctor's note to $60.00 or more without a doctor's note;

e)   Strictly enforced fines for violating club rules ranging from $100.00-$300.00 per violation; and

f)   A mandatory sharing and assignment by Plaintiff to Defendants of all tips and monies received by Plaintiff from Defendants' customers for each performance of private and semi-private dances.

28. The net result of Defendants' fee and fine system was that Plaintiff's regular hourly rate was actually properly calculated in the negative.

29. A United States District Court Judge for the District of Columbia, Judge Beryl A. Howell in Quansa Thompson, et al v. Linda and A., Inc t/a The House, et al, et. al. BAH- 09-cv-1942 on April 29, 2011 held that exotic dancers (or "strippers") are employees, and not independent contractors, under the Federal Fair Labor Standards Act

(FLSA), DCMWA, and DCWCPL. Judge Howell also held that Plaintiff's were entitled to Liquidated Damages Under the FLSA. This case is no different.

### CAUSES OF ACTON
### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Minimum Wage)**
**(ALL DEFENDANTS)**

30.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs 1-29 above as if each were set forth herein.

31.     Section 206 (a)(1) of FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

32.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C §206(a(1)

33.     At all times, Defendants were Plaintiff's "employers" under the FLSA.

34.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Federal Minimum Wage.

35.     At all times, Defendants paid Plaintiff no wages for hours worked.

36.     More exactly when the fees and fines that Defendants deducted from Plaintiff's tips and personal monies are factored in, Defendants paid Plaintiff a net average hourly rate equal  to approximately negative Twenty-Seven Dollars and Seventy-Eight Cents (-$27.78) per hour.

37.     At all times relevant, Plaintiff's net negative hourly rate fell below the applicable Federal Minimum Wage.

38.     The FLSA allows employers to pay less than minimum wage to employees who receive tips...The mechanism it creates to allow employers to pay less than minimum wage is the "tip

credit." See 29 U.S.C.§ 203(m)).

39.     Employers may only take a tip credit if certain requirements are met. <u>See</u> 29 U.S.C §

203 (m). Namely, (1) the employer must give the employee proper notice of taking a tip credit;

(2) the employee must retain all of her tips except for those lawfully shared with other

employees; and (3) the employee, through her tips, must make up the difference between the

tipped minimum wage and full minimum wage-if she does not, the employer must pay her the

difference in wages. See id; 29 C.F.R. §531.59.

40.     Here, Defendants did not give Plaintiff any notice that it was taking or intended to take

the tip credit.

41.     Here, Defendants (because it took and kept for its own use) a portion of Plaintiff's

individuals tips, as a consequence, Plaintiff did not retain all of her tips received from

Defendants' customers.

42.      Here, Defendants failed to pay Plaintiff the difference between the minimum wage and

the amounts Plaintiff received from tips on nights where Plaintiff's tips did not meet or exceed

the minimum wages.

43.      Because the three (3) "tip credit" requirements were not met by Defendants,

Defendants cannot avail itself of the FLSA's "tip credit" in calculating back wages owed to

Plaintiff.

44.     Defendants have failed and refused to compensate Plaintiff at an hourly rate at least

equal to the Federal Minimum Wage as required by  the FLSA for numerous hours worked.


45.     As of March 2013 the Stadium Group, LLC was sued under FLSA and DCMVA for

failure to pay minimum wage, failure to pay overtime and illegally taking Plaintiff's tips, and

illegally fining Plaintiff. So the Defendants knew in March 2013 that their actions were in

violation of FLSA and DCMVA but willfully, intentionally, and maliciously continued their

illegal practices.

46.     Defendants' failure and refusal to pay compensation to Plaintiff as required by the FLSA

was willful and intentional, and not in good faith.

WHEREFORE, Plaintiff asks this court to Declare the actions of as described in the preceding

paragraphs to be unlawful employment practices in violation of the laws of United States and

hold Defendants liable to Plaintiff  under Count I for unpaid minimum wages in such amounts

as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-

judgment), punitive damages, attorney's fees, the costs of this action, and any other and further

relief this Court deems appropriate and enter a judgment against Defendants.


### COUNT  II
**DCMWA**
**(Minimum Wage)**
**(ALL DEFENDANTS)**

47.     Plaintiff re-alleges and reasserts each and every allegation set forth in Paragraphs  1-46

above, as if each were set forth herein.

48.     Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the

meaning of DCMWA.

49.     As Plaintiff's "employer," Defendants were obligated to pay Plaintiff wages at least

equal to $8.25 per hour, the District of Columbia Minimum Wage.

50.     As set forth above, while in Defendants employ, Plaintiff worked many non-overtime

for which Defendants failed and refused to properly compensate Plaintiff as required by the

DCMWA for all non-overtime hours worked.

51.     Unpaid minimum wage compensation is therefore due owing to Plaintiff under

DCMWA.

52.      Defendants' failure to comply with its obligations under DCMWA to pay Plaintiff for

all hours worked as required by the DCMWA was willful and intentional, and was not in good

faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid and/or

improperly deducted wages in such amounts to be proven at trial, plus two (2x) times the

amount of unpaid and/or improperly deducted wages as additional damages, interest (both pre-

and post-judgment), attorney's fees, costs, punitive damages and any other further relief this

Court deems appropriate.


53.      Plaintiff demands a bench trial.



                                                          Respectfully submitted,



                                         ____/s/_____

                                                          J. Wiggs, Esq.

                                                          The Wiggs Law Group, LLC

                                                          9701 Apollo Drive, Suite 301

                                                          Upper Marlboro, MD 20774

                                                          240-326-3711

                                                          Bar#MD18231

                                                          Counsel for Plaintiff